830

Deborah A. LUCAS, a/k/a Deborah Lewis, Appellant,

v.

UNITED STATES, Appellee.

No. 10863.

District of Columbia Court of Appeals.

April 16, 1980.

Before NEWMAN, Chief Judge; KELLY, KERN, * GALLAGHER, NEBEKER, HARRIS, * MACK, FERREN, and PRYOR, Associate Judges; and * YEAGLEY, Associate Judge, Retired.

### ORDER

PER CURIAM.

On consideration of appellant's petition for rehearing or rehearing en banc, 411 A.2d 360, it is

ORDERED by the merits division that appellant's petition for rehearing is denied; and it appearing that no judge of this Court has called for a vote thereon, it is

FURTHERED ORDERED that appellant's petition for rehearing en banc is denied.

Statement of Associate Judge NEBEKER as to why he would deny the petition for rehearing en banc.

While I agree with the result reached by the majority in this case, I cannot agree that the use of the sensormatic device, as such, amounts to a search. It seems to me that state action through the special police officer began insofar as appellant's Fourth Amendment rights were concerned, after the device alerted the officer that a theft of store merchandise had probably been committed by appellant. Prior to that, the sensormatic device which emits an electronic signal in its immediate area, simply activated, on a different frequency, a signal emanating from the device attached to the merchandise. That signal in turn alerted the officer. The use of this device, I submit, is no different than the use of a dog trained to smell the scent of marijuana leaking through the seams of its container or fabric of clothing worn by the person possessing it. If I might call upon an example more likely to have occurred in past generations, I suggest that the use of this device, for Fourth Amendment purposes, is no different than a chicken cackling from inside the thief's bag and alerting the farmer to the fact that the thief is departing the coop having stolen the chicken. The farmer has not searched the thief. In a more modern context, one cannot say that the cries of the kidnapped victim in the car trunk when heard by the police constitute a search. Those cries, like the signal here, are not a search.**

** I do not find the cases treating the use of magnetometers to be at all controlling. That device is not selective, for it detects any metal carried innocently, as well as metallic weapons. The sensormatic device, on the other hand, detects only instances in which merchandise is probably stolen.